UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AUTHERINE CROSKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| BIG LOTS STORES, INC., | ) | 2:06-CV-00485-MHT |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT BIG LOTS STORES, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Big Lots Stores, Inc. ("Big Lots" or the "Company") hereby serves Plaintiff Autherine Croskey ("Plaintiff") with the following Requests for Production of Documents. The requested documents should be made available for inspection and copying at the law offices of Jackson Lewis LLP within thirty (30) days of service of these Requests.

## INSTRUCTIONS

A.    These Requests are continuing in nature, and Plaintiff shall promptly supplement her responses if she, or anyone acting on her behalf, obtains additional documents after the initial responses are served.

B.    If Plaintiff objects to a Request, the objection is to be stated in full, along with a citation of any legal authority relied upon. If an objection is stated with respect to a portion of a Request, the remaining portion of the Request should be responded to notwithstanding the objection.

C.    Any sentence or phrase formed in the disjunctive shall also be read in the conjunctive, and vice versa.

D.    Any word formed in the singular shall also be read in the plural, and vice versa.

E.    Any verb formed in the present tense shall also be read in the past, imperfect, and future tenses, and vice versa.

F.    Any pronoun in the masculine gender shall also be taken in the feminine gender, and vice versa.

G.    If any document was, but no longer is, in Plaintiff's custody, possession, or control, state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition.

H.    If any form of privilege is claimed as grounds for not producing a document, state: (a) the number of the Request(s) to which the document is responsive; (b) the nature of and basis for the privilege claimed; (c) the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), number of pages, and general subject matter; (d) the identity of all persons who have knowledge of the contents of the document; (e) the identity of each person to whom copies of the document have ever been furnished; (f) the addresses and telephone numbers of the author and those individuals who received copies; and (g) whether the document contains any non-privileged material and, if so, a description thereof.

I.    These Requests encompass all documents in the possession, custody, or control of Plaintiff or to which Plaintiff has access, whether or not such documents were prepared by or for Plaintiff. It includes all documents in the possession, custody or control of Plaintiff's attorneys, agents, investigators, employees, representatives, or other parties acting on Plaintiff's behalf, unless privileged.

J.      Plaintiff shall either organize and label the produced documents to correspond with the paragraphs in the following Requests or shall produce them as they are kept in the usual course of business.

## DEFINITIONS

A.      As used herein, the term "document" is defined so as to reach all written or printed matter within the scope of Rule 34 of the Federal Rules of Civil Procedure and all "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence, including writings, drawings, graphs, charts, photographs, films, mechanical or electronic recordings, and any other data or information compilations from which information can be obtained; the term also includes all drafts, alterations, modifications, and non-identical copies of any of the foregoing.

B.      The terms "relevant" or "relate(s)" are defined so as to reach all matters within the scope of discovery under the Federal Rules of Civil Procedure, including all matters which, though inadmissible at the trial, are reasonably calculated to lead to the discovery of admissible evidence.

C.      The term "person" includes a natural person, corporation, partnership, other business association or entity, and any governmental body.

D.      The terms "you" and "your" refer to Plaintiff and/or any agent or representative acting on Plaintiff's behalf.

## DOCUMENTS TO BE PRODUCED

Plaintiff is requested to produce the following documents:

**REQUEST NO. 1:**

All documents, including, but not limited to, audio/visual electronic recordings and communications, tape recordings, and photographs, which relate to, refer to, support, or controvert the allegations you have made in this lawsuit.

**RESPONSE:**

**REQUEST NO. 2:**

All documents which refer to, relate to, or describe your educational background, occupational training, work experience, and qualifications, including, but not limited to, all resumes, transcripts, diplomas, licenses, and certifications.

**RESPONSE:**

**REQUEST NO. 3:**

All documents that relate in any way to your employment with any employer (including self-employment) within the ten (10) year period <u>prior to your employment with Big Lots or during your employment with Big Lots</u>, including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, performance evaluations, applications or requests for promotion, disciplinary records, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 4:**

All documents that relate in any way to your employment with any employer (including self-employment) <u>since your employment with Big Lots ended,</u> including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, sales records, performance evaluations, applications or requests for promotion, disciplinary records, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 5:**

All documents that relate in any way to any attempts you have made to obtain employment with any person or entity since your employment with Big Lots ended, including, but not limited to, correspondence to and from such person or entity (including electronic communications), applications, resumes, notes, and telephone logs.

**RESPONSE:**

**REQUEST NO. 6:**

All documents which relate in any way to your employment with Big Lots, or the claims in this lawsuit, including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, performance evaluations, applications or requests for promotions, disciplinary records, employee handbooks, employment policies, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 7:**

All documents which refer to, relate to, or describe any complaints you made to any Big Lots employee or representative regarding unlawful conduct, including, but not limited to, email messages, notes, memoranda, correspondence, and tape recordings.

**RESPONSE:**

**REQUEST NO. 8:**

All documents in your possession which refer to or relate to Big Lots.

**RESPONSE:**

**REQUEST NO. 9:**

All documents which relate to, refer to, or describe any oral or written communications or statements made by any past or present officer, agent, employee, representative, or consultant of Big Lots concerning any allegations in the Complaint, or pertaining to this action, related administrative or judicial actions, or their subject matters.

**RESPONSE:**

**REQUEST NO. 10:**

All documents consisting of, or relating or referring to, any statements taken from or given by you or taken from or given by any other individual regarding the claims alleged in the Complaint or concerning the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 11:**

All documents which relate to, refer to, or describe any medical treatment that you have received in the past ten (10) years, including, but not limited to, medical records, written evaluations, statements, diagnoses, medical assessments, notes, and prescriptions, as well as any other documents that relate to, refer to, or describe your medical, physical, mental, or emotional condition during the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 12:**

All documents which relate to, refer to, support, or controvert the allegations in Paragraphs 4, 6, 7, 8, and 9 of your Complaint.

**RESPONSE:**

**REQUEST NO. 13:**

All documents which relate to, refer to, or describe the judicial and/or administrative proceedings (civil, bankruptcy, or criminal, including, but not limited to, social security proceedings, bankruptcy proceedings, or unemployment proceedings), other than this action, to which you have been a party, or a witness at a deposition, via affidavit, or at a hearing or trial.

**RESPONSE:**

**REQUEST NO. 14:**

All documents regarding allegations of unlawful conduct relating to Big Lots, or any other employer or individual, that you provided to or received from the Equal Employment Opportunity Commission or any other governmental agency, whether federal, state, or local.

**RESPONSE:**

**REQUEST NO. 15:**

All documents reflecting income or compensation of any kind that you have received, including, but not limited to, pay records and stubs and your complete state and federal income tax returns and W-2 forms, from January 1, 2001 through the present.

**RESPONSE:**

**REQUEST NO. 16:**

All documents which relate to, refer to, describe, support, or controvert any and all damages (by nature and amount, including punitive) that you claim you are entitled to receive from Big Lots.

**RESPONSE:**

**REQUEST NO. 17:**

All documents referring to or identifying any experts with whom you or anyone acting on your behalf have consulted on any issue for this case or whom you expect to call as a witness at trial, including all documents referring or relating to the subject matter of any such expert's testimony, as well as the substance of all facts and opinions, and grounds for such opinions, to be presented in connection with such expected testimony.

**RESPONSE:**

**REQUEST NO. 18:**

All documents which were relied upon, referred to, or identified in your Initial Disclosures and responses to Big Lots' Interrogatories.

**RESPONSE:**

**REQUEST NO. 19:**

Any other documents referring or relating to any claims or defenses in this matter, including, but not limited to, those documents you may introduce into evidence or use in any manner during the course of this litigation, including trial.

**RESPONSE:**

Respectfully submitted this 25th day of July, 2006.

Stephen X. Munger
Georgia Bar No. 529611
Gregory L. Smith, Jr.
Georgia Bar No. 658369
JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303-1226
Telephone:      404-525-8200
Facsimile:      404-525-1173


LOCAL COUNSEL:                      Joseph T. Carpenter
                                   Alabama Bar No. 5114C59J
                                   CARPENTER, INGRAM & MOSHOLDER, LLP
                                   303 Sterling Centre
                                   4121 Carmichael Road
                                   Montgomery, Alabama  36106
                                   Telephone:      334-213-5600
                                   Facsimile:      334-213-5650

                                   ATTORNEYS FOR DEFENDANT
                                   BIG LOTS STORES, INC.

## CERTIFICATE OF SERVICE

I, Gregory L. Smith, Jr., do hereby certify I have served Plaintiff with the foregoing **DEFENDANT BIG LOTS STORES, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** by causing a copy to be sent via certified mail, return receipt requested, to:

Autherine Croskey
3646 Cloverdale Road
Montgomery, Alabama 36111

This, the 25th day of July, 2006.

Gregory L. Smith, Jr.