UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUTHERINE CROSKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| BIG LOTS STORES, INC., | ) 2:06-CV-00485-MHT |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT BIG LOTS STORES, INC.'S MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL**

Defendant Big Lots Stores, Inc. ("Big Lots"), by undersigned counsel and pursuant to FED. R. CIV. P. 37, files this Memorandum in Support of its Motion to Compel (the "Motion"). Through its Motion, Big Lots asks the Court to issue an order compelling Plaintiff's responses to Big Lots' initial written discovery. Big Lots also seeks an award of costs and fees incurred in preparing and filing its Motion and supporting memorandum.

**I. RELEVANT FACTS**

1.

On July 25, 2006, counsel for Big Lots served Plaintiff with Big Lots' First Set of Interrogatories and First Requests for Production at her home address via certified mail. See Def.'s First Set of Interrogatories and First Requests for Production, Certificates of Service, dated July 25, 2006, attached as Ex. A; Smith Letter dated July 25, 2006, attached as Ex. B. The mailing was returned to defense counsel unopened and unclaimed by Plaintiff. See Certified Mail Envelope, attached as Ex. C.

2.

On August 16, 2006, counsel for Big Lots served Plaintiff with additional copies of Big Lots' First Set of Interrogatories and First Requests for Production via United States mail. See Def.'s First Set of Interrogatories and First Requests for Production, Certificates of Service, dated August 16, 2006, attached as Ex. D; Munger Letter dated August 16, 2006, attached as Ex.

1

E. The discovery sent by United States mail was not returned as unclaimed to counsel for Big Lots. Counsel for Big Lots also served Plaintiff with Big Lots' First Set of Interrogatories and First Requests for Production via hand-delivery on August 20, 2006. See Proof of Service, dated August 20, 2006, attached as Ex. F.

3.

On September 21, 2006, counsel for Big Lots sent Plaintiff a letter via certified mail and Federal Express overnight delivery advising her that her discovery responses were untimely and that Big Lots would file a motion to compel or motion to dismiss with the Court if counsel for Big Lots did not receive her responses or otherwise hear from her by September 28, 2006. See Smith Letter dated September 21, 2006, attached as Ex. G. The letter sent via certified mail was not returned as unclaimed to defense counsel. Also, Plaintiff received the letter sent via Federal Express. See Proof of Delivery, dated September 22, 2006, attached as Ex. H.

4.

On September 28, 2006, Plaintiff called Gregory Smith, counsel for Big Lots, and agreed to provide defense counsel with her responses to Big Lots' First Set of Interrogatories and First Requests for Production on or before October 4, 2006.

5.

To date, Plaintiff has not served Big Lots with her responses to Big Lots' First Set of Interrogatories and First Requests for Production.

6.

Pursuant to the Court's Scheduling Order of July 24, 2006, discovery in this matter must be completed on or before October 23, 2006. [Doc. 16.]

## II. DISCUSSION

Counsel for Big Lots served Plaintiff with Big Lots' First Set of Interrogatories and First Requests for Production via certified mail on July 25, 2006. See Exs. A and B. Plaintiff's responses were due within thirty days after service, on or before August 28, 2006. See FED. R. CIV. P. 33, 34. Defense counsel served Plaintiff with additional copies of Big Lots' First Set of Interrogatories and First Requests for Production via United States mail on August 16, 2006, and via hand-delivery on August 20, 2006. See Exs. D, E, and F. When Plaintiff still had not responded by September 21, 2006, counsel for Big Lots sent Plaintiff a good faith letter via certified mail and Federal Express overnight delivery advising Plaintiff that her discovery responses were untimely and that Big Lots would file a motion to compel or motion to dismiss with the Court if counsel for Big Lots did not receive her responses or otherwise hear from her by September 28, 2006. See Exs. G and H. During a telephone call on September 28, Plaintiff

agreed to provide defense counsel with her responses to Big Lots' First Set of Interrogatories and First Requests for Production on or before October 4, 2006.

To date, Plaintiff has wholly failed to respond to Big Lots' written discovery. Big Lots has been severely prejudiced by Plaintiff's refusal to provide timely discovery responses. Such refusal has precluded Big Lots from properly and fairly preparing its defense.[1] Without Plaintiff's discovery responses, Big Lots has been unable to obtain her medical and employment records or take the depositions of Plaintiff and any other key witnesses.[2] The discovery deadline of October 23, 2006 is quickly approaching. Accordingly, pursuant to FED. R. CIV. P. 37(a)(2)(B), Big Lots seeks an Order compelling Plaintiff's delinquent responses to Big Lots' discovery. Further, in accordance with FED. R. CIV. P. 37(a)(4), Big Lots requests its expenses incurred in preparing and filing its Motion and supporting memorandum, including attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, Big Lots asks the Court to issue an order compelling Plaintiff's responses to Big Lots' First Set of Interrogatories and First Requests for Production. Further, Big Lots respectfully requests that Plaintiff be required to pay all expenses incurred by Big Lots in preparing and filing its Motion and supporting memorandum, including attorneys' fees.

---

[1] Big Lots also notes that Plaintiff has not returned authorizations for the release of her medical and psychiatric records, which were requested by defense counsel in a letter dated July 25, 2006, see Ex. I, and she has not served her Initial Disclosures, as required by FED. R. CIV. P. 26.

[2] Counsel for Big Lots was unable to proceed with Plaintiff's deposition, which was scheduled for September 28, 2006, because she had not yet responded to Big Lots' discovery. See Ex. G.

Respectfully submitted, this 11th day of October, 2006.

                          Stephen X. Munger
                          Georgia Bar No. 529611
                          Gregory L. Smith, Jr.
                          Georgia Bar No. 658369
                          JACKSON LEWIS LLP
                          1900 Marquis One Tower
                          245 Peachtree Center Avenue, N.E.
                          Atlanta, Georgia  30303-1226
                          Telephone:     404-525-8200
                          Facsimile:      404-525-1173

LOCAL COUNSEL:            / s /   J o s e p h   T .   C a r p e n t e r

                          Joseph T. Carpenter
                          Alabama Bar No. 5114C59J
                          CARPENTER, INGRAM & MOSHOLDER, LLP
                          303 Sterling Centre
                          4121 Carmichael Road
                          Montgomery, Alabama  36106
                          Telephone:     334-213-5600
                          Facsimile:      334-213-5650

                          ATTORNEYS FOR DEFENDANT
                          BIG LOTS STORES, INC.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUTHERINE CROSKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| BIG LOTS STORES, INC., | ) 2:06-CV-00485-MHT |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify I have served Plaintiff with the foregoing **DEFENDANT BIG LOTS STORES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** by causing a copy to be sent via certified mail, return receipt requested, to:

> Autherine Croskey
> 3646 Cloverdale Road
> Montgomery, Alabama  36111

This 11th day of October, 2006.

> /s/ Joseph T. Carpenter
> Joseph T. Carpenter
> Alabama Bar No. 5114C59J

5

Big Lots/Croskey
Formal Papers
Z:\6769\EFILING\Croskey\GLS Memorandum in Support of Motion _.doc