# EXHIBIT 2

Page 1

LEXSEE 2006 U.S. DIST. LEXIS 84381


Analysis
As of: Mar 14, 2007

EMANUEL COLEMAN, Plaintiff, -vs- MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS, Defendant.

Case No. 3:06-cv-143

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

*2006 U.S. Dist. LEXIS 84381*

November 18, 2006, Decided
November 20, 2006, Filed

**PRIOR HISTORY:** *Coleman v. Montgomery County Bd. of County Comm'rs, 2006 U.S. Dist. LEXIS 32834 (S.D. Ohio, May 12, 2006)*

**COUNSEL:** [*1] Emanuel Coleman, Plaintiff, Pro se, Dayton, OH.

For Montgomery County Board of Commissioners, Defendant: John Alan Cumming, LEAD ATTORNEY, Montgomery County Prosecutor's Office, Dayton, OH.

**JUDGES:** Michael R. Merz, Chief United States Magistrate Judge.

**OPINION BY:** Michael R. Merz

**OPINION:**

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This case is before the Court on Defendant's Motion for Judgment on the Pleadings which seeks dismissal with prejudice on the grounds that Plaintiff's Complaint was untimely filed (Doc. No. 19). Attached to the Motion is an EEOC Dismissal and Notice of Rights for EEOC Charge No. 22A-2005-01932 in which the EEOC adopts the findings of the Ohio Civil Rights Commission. That Notice was issued on August 30, 2005, and informed Plaintiff that he had ninety days in which to file suit. Plaintiff filed this case on May 12, 2006, far more than ninety days later.

However, in opposing the Motion for Judgment on the Pleadings, Plaintiff has filed with the Court the EEOC Dismissal and Notice of Rights for EEOC Charge No. 473-2006-00103 on which it appears the EEOC did the initial investigation, but found no probable cause to believe a violation [*2] had occurred (November 1, 2006, letter from Plaintiff, attachment). That Notice was issued February 15, 2006. Ninety days later is May 16, 2006.

Because the Court could not determine if the Complaint related to a charge made in the 2005 EEOC case or the 2006 EEOC case, it ordered the parties to file with the Court, not later than November 17, 2006, whatever paperwork was available to show which claims were made in each of the EEOC charges. Defendants timely filed their Reply Memorandum (Doc. No. 23), but Plaintiff has filed nothing.

In examining the documents attached to Defendants' Motion and Reply Memorandum, it is clear that Plaintiff's 2006 EEOC Charge is a refiling of the same claims made in the earlier charge which was initially investigated by the Ohio Civil Rights Commission. As the Second Circuit held in *Soso Liang Lo v. Pan American World Airways, Inc., 787 F.2d 827 (1986)*, the timeliness of a filing must be determined from the date of final determination on the first charge filed; to fail to do so would render the time limitations in *42 U.S.C. § 2000e-5(f)(1)* meaningless.

The Motion was made under *Fed. R. Civ. P. 12(c)* [*3] , which, like *Fed. R. Civ. P. 12(b)(6)* allows a de-

2006 U.S. Dist. LEXIS 84381, *

Page 2

fendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993)*, citing *Nishiyama v. Dickson County, Tennessee, 814 F.2d 277, 279 (6th Cir. 1987)*. A statute of limitations defense may be raised and decided on a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)* when it is apparent on the face of the complaint. *Pierce v. County of Oakland, 652 F.2d 671 (6th Cir. 1981)*; *Lundblad v. Celeste, 874 F.2d 1097 (6th Cir. 1989)*. In general, a court may not consider any facts outside the complaint and any attached exhibits on a motion to dismiss for failure to state a claim. *Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001)*. When matters outside the pleadings are presented to and considered by the court in a *Rule 12(b)(6)* motion, the motion is treated as one for summary judgment. *See Friedman v. United States, 927 F.2d 259, 261 (6th Cir. 1991)*. [*4] However, a court may consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Jackson v. City of Columbus, 194 F.3d 737 (6th Cir. 1999)*. In ruling on a motion for judgment on the pleadings, the Court must accept all the factual allegations of the complaint as true. *Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 511-12 (6th Cir. 2001)*; *Paskvan v. City of Cleveland Civil Serv. Comm'n., 946 F.2d 1233, 1235 (6th Cir. 1991)*(citing *Beal v. Missouri Pacific R.R., 312 U.S. 45, 51, 61 S. Ct. 418, 85 L. Ed. 2d 577 (1941))*. The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993)*. This is the same standard applied in deciding a motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*. *EEOC v. J. H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001)*. When a defendant attaches to a motion for judgment on the pleadings documents which are referenced in but not attached to the complaint, the court may consider [*5] the motion as being made under *Rule 12(c)*, rather than converting it to a motion for summary judgment. *Weiner v. Klais & Co., 108 F.3d 86 (6th Cir. 1997)*.

Based on the official EEOC and OCRC documents furnished by the parties, it is clear that Plaintiff's Complaint is time-barred. The Motion for Judgment on the Pleadings is granted and the Clerk will enter judgment dismissing the Complaint with prejudice.

November 18, 2006.

s/ Michael R. Merz

Chief United States Magistrate Judge