UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AUTHERINE CROSKEY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:06-CV-485-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| BIG LOTS STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S BILL OF COSTS**

Plaintiff Autherine Croskey ("Plaintiff") filed this action against Defendant Big Lots Stores, Inc. ("Defendant") on May 30, 2006. On July 9, 2007, the Court entered judgment in favor of Defendant. [Doc. 44.] The Court also awarded Defendant its costs. [Doc. 43.] Accordingly, Defendant now submits this Brief in Support of its Bill of Costs.

## I.   ARGUMENT

For a Bill of Costs to be recoverable, it must fall within a category of taxable costs enumerated in 28 U.S.C. § 1920 or another specific statute. See, e.g., Corsair Asset Management, Inc. v. Moskovitz, 142 F.R.D. 347, 351 (N.D. Ga. 1992). Taxable costs pursuant to 28 U.S.C. § 1920 include:

(1) fees of the clerk and marshal;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees and exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under § 1923 of this Title; and

1

    (6)    compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this Title.

28 U.S.C. § 1920.

Defendant is entitled to recover the following costs:

### A.    **Photocopying Costs**

Pursuant to 28 U.S.C. § 1920(4), Defendant is entitled to recover photocopying expenses it incurred for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990), the court held a prevailing party may recover copying charges attributable to discovery, charges for copies of pleadings, correspondence, and other documents tendered to the adverse party, charges for copies of exhibits and documents prepared for the court's consideration, and charges for copies of pleadings, motions, and memoranda which were provided to the court. See also Loughan v. Firestone Tire and Rubber Co., 749 F.2d 1519, 1526 n.2 (11th Cir. 1985). Accordingly, Defendant seeks recovery for costs of documents it necessarily photocopied for discovery purposes. Defendant necessarily incurred $339.76 in copying costs. This figure is based on the need to serve Plaintiff, who proceeded pro se, with a copy of all documents filed with the Court, at a cost of $0.20 cents per page. The total sum for copying costs for pleadings and discovery documents Defendant's counsel internally prepared is $90.60. A listing of the documents served and a calculation of these expenses is attached as Exhibit A. Additionally, Defendant incurred $249.16 in expenses paying for third parties to copy subpoenaed discovery documents and for the necessary services of a process server. Documentation of these expenses is attached as Exhibit B.

2

Such costs were necessarily incurred by Defendant in this case and were not merely for counsel's convenience. Accordingly, Defendant respectfully requests the Court tax $339.76 as necessary expenses Defendant may recover pursuant to 28 U.S.C. § 1920(4).

### B.   Costs Incident To Taking Depositions

Costs incident to the taking of depositions "necessarily obtained for use in the case" are recoverable by the prevailing party pursuant to 28 U.S.C. § 1920(2). See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000); Loughan, 749 F.2d at 1526, n.2; Newman v. A. E. Stanley Mfg. Co., 648 F.2d 330, 337 (5th Cir. 1981). A deposition must appear to be reasonably necessary at the time the deposition is taken for costs to be recoverable. Costs that are incurred only for the convenience of counsel are not recoverable. See W&O, Inc., 213 F.3d at 620; DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 241 (N.D. Ga. 1993). Costs related to the deposition(s) of a party are recoverable. See W&O, Inc., 213 F.3d at 662.

Defendant necessarily deposed and obtained the deposition transcript of Plaintiff for its defense in this case. Indeed, Defendant relied on pertinent excerpts from the deposition of Plaintiff in support of its Motion for Summary Judgment. Documentation of these expenses, totaling $1,379.05 is attached as Exhibit C. Accordingly, Defendant respectfully requests the Court tax $1,379.05 in costs for deposition expenses it may recover pursuant to 28 U.S.C. § 1920(2).

## II.     CONCLUSION

For all the foregoing reasons, Defendant respectfully requests the Court tax costs in the amount totaling $1,718.81. Defendant necessarily incurred these costs defending this action and should now recover these costs from Plaintiff in accordance with the Court's Order of July 9, 2007. [Doc. 43.]

Respectfully submitted this 17th day of July, 2007.

>     Stephen X. Munger
>     Georgia Bar No. 529611
>     Gregory L. Smith, Jr.
>     Georgia Bar No. 658369
>     JACKSON LEWIS LLP
>     1900 Marquis One Tower
>     245 Peachtree Center Avenue, N.E.
>     Atlanta, Georgia  30303-1226
>     Telephone:    404-525-8200
>     Facsimile:     404-525-1173

LOCAL COUNSEL:

>     s/ Joseph T. Carpenter
>     Joseph T. Carpenter
>     Alabama Bar No. 5114C59J
>     CARPENTER, INGRAM & MOSHOLDER, LLP
>     303 Sterling Centre
>     4121 Carmichael Road
>     Montgomery, Alabama  36106
>     Telephone:    334-213-5600
>     Facsimile:     334-213-5650
>
>     ATTORNEYS FOR DEFENDANT
>     BIG LOTS STORES, INC.

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUTHERINE CROSKEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 2:06-CV-485-MHT |
| ) | |
| v. ) | |
| ) | |
| BIG LOTS STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I certify that on July 17, 2007 I served the foregoing **BILL OF COSTS, BRIEF IN SUPPORT OF DEFENDANT'S BILL OF COSTS,** and **AFFIDAVIT OF GREGORY L. SMITH, JR. IN SUPPORT OF DEFENDANT'S BILL OF COSTS** via certified mail to:

Autherine Croskey
3646 Cloverdale Road
Montgomery, AL 36111

s/ Joseph T. Carpenter
Joseph T. Carpenter
Alabama Bar No. 5114C59J